NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO J. MARTINEZ, | No. 19-55440 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-01760-WQH-AGS |
| v. | |
| ADOLFO GONZALEZ, San Diego Chief Probation Officer, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 2, 2020**
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,*** District Judge.

Francisco Martinez was convicted in California state court on two counts of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

commodities fraud in violation of California Corporations Code § 29536. The district court dismissed Martinez's subsequent 28 U.S.C. § 2254 petition but granted a certificate of appealability on two issues. We have jurisdiction over Martinez's appeal under 28 U.S.C. §§ 1291 and 2253(a). Reviewing the district court's denial of the writ de novo, *see Poyson v. Ryan*, 879 F.3d 875, 887 (9th Cir. 2018), we affirm.

1.     In the last reasoned state court decision, the California Court of Appeal, applying the test in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), reasonably determined that there was sufficient evidence to support Martinez's commodities fraud convictions. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012). Taken in the light most favorable to the State, the evidence showed that Martinez made false statements about the past returns generated by the foreign currency trading company with which he was associated and about the company's ability to mitigate risk on future returns. The evidence also showed that clients of the company relied on these statements.

2.     The Court of Appeal also reasonably determined that the trial court's failure to instruct the jury on the scienter required for commodities fraud under California law—knowledge of the statement's falsity—was harmless under *Chapman v. California*, 386 U.S. 18, 22 (1967). The Court of Appeal's conclusion was not based on an unreasonable determination of the facts. *See* 28 U.S.C.

2

§ 2254(d); *People v. Martinez*, 10 Cal. App. 5th 686, 711-13 (2017).

**AFFIRMED.**